UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

GLENN BOOKMAN,

                Plaintiff,

    v.                                                9:15-CV-1542 (MAD/DEP)

LINDSTRAND, et al.,

                Defendants.

---

APPEARANCES:                         OF COUNSEL:

GLENN BOOKMAN
86-B-0227
Plaintiff, pro se
CNY PC
P.O. Box 300
Marcy, NY 13403

HON. ERIC T. SCHNEIDERMAN         BRIAN W. MATULA, ESQ.
New York State Attorney General         Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

MAE A. D'AGOSTINO
United States District Judge

## DECISION AND ORDER

    Plaintiff Glenn Bookman commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights while he was incarcerated at Great Meadow Correctional Facility ("Great Meadow C.F."). Dkt. No. 1 ("Compl."). Plaintiff subsequently filed an amended complaint, which is the operative pleading. Dkt. No. 16 ("Am. Compl."). After reviewing the amended complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court found that plaintiff's claims that defendants Crook and Molesky were deliberately indifferent to his

serious medical or mental health needs; defendants Crook and Corrigan retaliated against plaintiff for filing grievances and complaints; defendant Corrigan subjected plaintiff to excessive force; and defendant Lindstrand failed to properly supervise his staff or to protect plaintiff from known harm, survived sua sponte review and required a response.  Dkt. No. 22. Defendants filed an answer to the amended complaint.  Dkt. No. 37.[1]

Presently before the Court are plaintiff's motions requesting preliminary injunctive relief and appointment of counsel.  Dkt. Nos. 61, 65.  Defendants have responded to plaintiff's request for preliminary injunctive relief.  Dkt. No. 63.

### A.  Motion for Preliminary Injunctive Relief

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'"  *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)).  However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher.  *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)).  A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief

---

[1] Upon completion of discovery, defendants filed a motion for summary judgment, Dkt. No. 62, which will be addressed by separate Order.

requested, or where extreme or very serious damage will result from a denial of preliminary relief."  *Cacchillo*, 638 F.3d at 406 (citing *Citigroup Global Mkts.*, 598 F.3d at 35 n.4) (internal quotation marks omitted));  *see also Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim).  The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order.  *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v. Bloomberg*, No. 06-CV-0403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008).

By letter motion dated July 23, 2017, plaintiff informed the Court that he had been transferred to the Central New York Psychiatric Center ("CNYPC").  Dkt. No. 61.  Plaintiff alleges that Great Meadow C.F. staff told him that they "would not forward [his] legal work [to him], so [he is] without access to law material and research."  *Id.*  Plaintiff also alleges that when he was previously incarcerated at Great Meadow C.F. in April, 2017, correctional officers (including some of the defendants in this action) threatened him and retaliated against him.  *Id.*  Plaintiff alleges that during that time, he was "assaulted twice and raped by officers" and was sent to Albany Medical Center for a rape kit and received seventeen stitches in his head.  *Id.*  In a subsequent submission, plaintiff alleges that he was sent to CNYPC for mental health treatment, and none of his mail has been sent to him at CNYPC.  Dkt. No. 65 at 1.  Although plaintiff does not clearly indicate what relief he seeks, construing his papers liberally, it appears that he seeks the Court's assistance with respect to his conditions of confinement at Great Meadow C.F.

In response to plaintiff's motion, defendants state that they are "unaware of any issues

3

with regard to the Plaintiff's mail." Dkt. No. 63 at 1. Defendants indicate that on July 31, 2017, they mailed a copy of their summary judgment motion (Dkt. No. 62) to plaintiff at his new address - CNYPC - which included a copy of plaintiff's deposition (which had been previously sent to plaintiff at Great Meadow C.F.). Dkt. No. 63 at 1. Defendants state that in light of plaintiff's change of address and "stated difficulties", they do not object to plaintiff being granted an extension of time to respond to their summary judgment motion. *Id.* Defendants also argue that any issues raised by plaintiff that are unrelated to claims in this action should be addressed through the administrative grievance process. *Id.* at 2.

To the extent that plaintiff seeks protection from alleged threats or retaliation at Great Meadow C.F., plaintiff has been transferred to CNYPC, *see* Dkt. No. 61, thus any request for preliminary injunctive relief regarding conditions of confinement at Great Meadow C.F. are moot. *See Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) ("In this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility.").

Moreover, "'[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint.'" *Candelaria v. Baker,* No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (citations omitted). *See, e.g., Scarborough v. Evans*, No. 9:09-CV-0850 (NAM/DEP), 2010 WL 1608950, at *2 (N.D.N.Y. Apr. 20, 2010) (motion for preliminary injunction alleging use of excessive force and denial of medical care by non-parties denied where complaint alleged denial of mental health care and proper conditions of confinement); *Lewis v. Johnston*, No. 9:08-CV-0482 (TJM/ATB), 2010 WL 1268024, at *3 (N.D.N.Y. Apr. 1, 2010) (denying motion for injunctive relief based upon actions taken by staff at Great

Meadow Correctional Facility in 2010, where the complaint alleged wrongdoing that occurred at Franklin and Upstate Correctional Facilities in 2006 and 2007).  Here, plaintiff's allegations that he was assaulted or raped in April, 2017, by unidentified staff at Great Meadow C.F. are not sufficiently related to the claims in the amended complaint that he was subjected to excessive force, denied adequate medical and mental health care, and retaliated against at Great Meadow C.F. in 2013-2014.  *Compare* Dkt. No. 61 *with* Am. Compl.

Accordingly, for the foregoing reasons, plaintiff's motion for preliminary injunctive relief (Dkt. No. 61) is denied.  Despite denying plaintiff's motion for preliminary injunctive relief, in light of his recent transfer to CNYPC and issues with receiving his mail, plaintiff is granted an extension of time until September 15, 2017, to respond to defendants' motion for summary judgment.

### B.    Motion for Appointment of Counsel

By Order filed on February 25, 2016 (Dkt. No. 7) and Text Order dated March 10, 2017, plaintiff's previous requests (Dkt. Nos. 5, 57) for appointment of counsel were denied. Plaintiff now renews his request for appointment of counsel.  Dkt. No. 65.  In support of his request, plaintiff appears to argue that because is being treated at CNYPC for mental health issues and has not received his mail previously sent to Great Meadow C.F., he needs appointed counsel to help him prosecute this action.

Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party.  *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  Instead, a number of factors must be carefully considered by the court in ruling upon such a motion:

> [The Court] should first determine whether the indigent's position

5

>  seems likely to be of substance. If the claim meets this threshold
>  requirement, the court should then consider the indigent's ability to
>  investigate the crucial facts, whether conflicting evidence implicating
>  the need for cross examination will be the major proof presented to
>  the fact finder, the indigent's ability to present the case, the
>  complexity of the legal issues and any special reason in that case
>  why appointment of counsel would be more likely to lead to a just
>  determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)) (internal quotation marks omitted). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 621).

The Court finds that the relevant factors weigh decidedly against granting plaintiff's motion at this time. For example, the Court finds that: (1) the case does not present novel or complex issues; (2) it appears to the Court as though, to date, plaintiff has been able to effectively litigate this action; (3) while it is possible that there will be conflicting evidence implicating the need for cross-examination at the time of the trial, as is the case in many actions brought under 42 U.S.C. § 1983 by pro se litigants, "this factor alone is not determinative of a motion for appointment of counsel," *Velasquez*, 899 F. Supp. at 974; (4) if this case survives the pending summary judgment motion filed by defendants, it is highly probable that this Court will appoint trial counsel at the final pretrial conference; and (5) it is unaware of any special reasons why appointment of counsel at this time would be more likely to lead to a just determination of this litigation.

Additionally, the defendants indicate that they mailed their summary judgment motion to plaintiff at his current address of record. Dkt. No. 63 at 1. In light of that, plaintiff should

have available to him the documents necessary to respond to defendants' summary judgment motion. Additionally, in light of his transfer to CNYPC, the Court has sua sponte granted plaintiff an extension of time to respond to that motion.

For these reasons, plaintiff's motion for appointment of counsel (Dkt. No. 65) is denied.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for preliminary injunctive relief (Dkt. No. 61) is **DENIED**; and it is further

**ORDERED** that plaintiff's motion for appointment of counsel (Dkt. No. 65) is **DENIED**; and it is further

**ORDERED** that plaintiff is **GRANTED** an extension of time until September 15, 2017, to respond to defendants' motion for summary judgment. Defendants' reply, if any, is due on or before September 22, 2017; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on parties.

**IT IS SO ORDERED.**

Dated: August 9, 2017
       Albany, NY

Mae A. D'Agostino
U.S. District Judge