**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**GLENN BOOKMAN,**

                                        **Plaintiff,**

        **vs.**                                                    **9:15-cv-1542**
                                                                   **(MAD/DEP)**

**JEFFREY LINDSTRAND,** *Deputy Superintendent*
*of Administration, Great Meadow Correctional*
*Facility, in his individual capacity;* **SEAN**
**CORRIGAN,** *Correctional Officer; Great Meadow*
*Correctional Facility, in his individual capacity;*
**SHAWN MILESKI,** *Rehab Counselor; Mental*
*Health Unit, Great Meadow Correctional Facility, in*
*her individual capacity, formerly known as* Shawn
Molesky; *and* **DR. CROOK,** *Great Meadow*
*Correctional Facility, in his individual capacity,*

                                        **Defendants.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**GLENN BOOKMAN**
**86-B-0227**
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13021
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**                    **BRIAN W. MATULA, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

                                        **ORDER**

        On December 30, 2015, Plaintiff *pro se* Glenn Bookman ("Plaintiff"), an inmate in the

custody of the New York State Department of Corrections and Community Supervision

("DOCCS"), filed a complaint in the Northern District of New York, pursuant to 42 U.S.C. §

1983, regarding his treatment while incarcerated at Great Meadow Correctional Facility ("GMCF"). *See* Dkt. No. 1.[1]  On April 26, 2016, this Court dismissed the complaint, with leave to amend, for failure to state a claim. *See* Dkt. No. 7.  On September 27, 2016, Plaintiff filed an amended complaint. *See* Dkt. No. 16.  After an initial review of the amended complaint for facial sufficiency, the following claims remained: Eighth Amendment claims for medical indifference against Defendants Dr. Crook and Shawn Mileski;[2] an Eighth Amendment excessive force claim against Defendant Sean Corrigan; a failure to supervise/protect claim against Defendant Jeffrey Lindstrand; and First Amendment retaliation claims against Defendants Crook and Corrigan. *See* Dkt. No. 22 at 5.

On July 31, 2017, after the close of discovery, Defendants filed a motion for summary judgment. *See* Dkt. No. 62.  Defendants argue that Plaintiff failed to exhaust his administrative remedies; Plaintiff failed to establish that Defendants Crook and Mileski were deliberately indifferent; Plaintiff could not show that he suffered an adverse action of constitutional magnitude; and Plaintiff failed to identify a specific risk that Defendant Lindstrand ignored. *See* Dkt. No. 62-3.  On October 11, 2017, Plaintiff responded in opposition to the motion. *See* Dkt. No. 72.  With regards to Defendants' failure to exhaust argument, Plaintiff argues that the grievance process was effectively unavailable to him because he chose to forego the grievance process after being told an outside agency was investigating his complaints. *See* Dkt. No. 72 at 1-2.  With regards to his claims against Defendant Corrigan, Plaintiff claims that he was afraid to file a grievance. *See id.*

---

[1] The cited page numbers for docket entries in this Order refer to those assigned by the Court's electronic filing system ("ECF").

[2] The precise spelling of Defendant Mileski's name is not clear from the present record, as the parties use "Mileski," "Moleski," and "Molesky" interchangeably.  For the sake of clarity, the Court will use Defendant Mileski, the name currently listed on ECF.

On February 14, 2018, Magistrate Judge Peebles issued a Report and Recommendation recommending that the Court grant in part and deny in part Defendants' motion for summary judgment. *See* Dkt. No. 79. Magistrate Judge Peebles recommended granting Defendants' motion as to all claims except for Plaintiff's medical indifference claim against Defendant Mileski on the grounds that Plaintiff failed to exhaust administrative remedies. *See id.* at 31.

In his failure to exhaust analysis, Magistrate Judge Peebles rejected Plaintiff's arguments that the grievance process has been made effectively unavailable to him. *See id.* at 22. Magistrate Judge Peebles noted that an "outside agency" investigating Plaintiff's complaints did not impede his access to the DOCCS grievance system nor was he ever instructed to forego the grievance process. *See id.* at 24. As to Plaintiff's second argument, Magistrate Judge Peebles concluded that "[P]laintiff has not introduced any evidence that any member of the prison staff was responsible for disposing of his grievances and that he has, therefore, failed to establish that the grievance process was unavailable." *Id.* at 25 (citing *Rawls v. Rosenfield*, No. 9:16-CV-0582, 2017 WL 7050648, *9 (N.D.N.Y. Nov. 28, 2017), *adopted by* 2017 WL 6459512 (N.D.N.Y. Jan. 23, 2018)). Finally, Magistrate Judge Peebles found that Plaintiff's fear of Defendant Corrigan was not a barrier to the grievance process. *See id.* at 30. Even if there was a question of fact as to Defendant Corrigan blocking access to administrative remedies at GMCF, Defendant Corrigan could not affect Plaintiff's access to administrative remedies after Plaintiff transferred to Clinton Correctional Facility. *See id.* (citing *Wallace v. Fisher*, No. 9:13-CV-1208, 2015 WL 9275001, *4 (N.D.N.Y. Dec. 18, 2015).

Magistrate Judge Peebles found that there was a triable question of fact as to both the objective and subjective elements of Plaintiff's medical indifference claim against Defendant Mileski. *See id.* at 37, 39; *see also Farmer v. Brennan*, 511 U.S. 825, 834 (1994). However Magistrate Judge Peebles concluded that Plaintiff's history of suicidal thoughts and self-harm was

sufficient to raise a question of fact as to whether he faced serious medical need after he ceased taking his medication. *See* Dkt. No. 79 at 36-37. Further, Magistrate Judge Peebles found that there was a triable question of fact as to whether Defendant Mileski's treatment of Plaintiff qualified as deliberate indifference. *See id.* at 37. Plaintiff told Defendant Mileski that he had been having suicidal thoughts brought on as a side effect of a cocktail of medication. *See id.* at 37-38. Although Defendant Mileski did not have the authority to change Plaintiff's prescription, the fact that this risk persisted after Plaintiff stopped taking the drugs signified a serious problem. *See id.* at 38. According to Plaintiff's testimony, when he told Defendant Mileski of his suicidal thoughts, she stated in response, "You're joking. You're not suicidal" and shrugged her shoulders. *Id.* at 37 (quoting Dkt. No. 62-12 at 32-33). Magistrate Judge Peebles concluded that this response is sufficient to create a question of fact as to whether Defendant Mileski intentionally delayed Plaintiff's access to medical care. *See id.* at 39.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See id.*; *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See Farid*, 554 F. Supp. 2d at 307; *see also Gamble v. Barnhart*, No. 02-CV-1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004).

Here, both Plaintiff and Defendants have submitted objections to Magistrate Judge Peebles' Report and Recommendation. *See* Dkt. No. 81; Dkt. No. 83. Plaintiff's only specific objection to Magistrate Judge Peebles' Report and Recommendation was that his opposition to the motion contested Defendants' statement of material facts ("SMF") so Magistrate Judge Peebles improperly adopted Defendants' SMF. *See* Dkt. No. 81. Plaintiff's response to Defendants' SMF

4

was a single sentence that did not cite to the record and stated: "Concerning A.A.G. Matula's statement of facts, other than Plaintiff's name, that he was under DOCCS care/custody, and grievances processed by DOCCS, plaintiff *denies* Defendants' statement of facts as true." *See* Dkt. No. 72 at 1.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). "Indeed, the Second Circuit has stated that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "This liberal standard, however, does not excuse a *pro se* litigant from following the procedural formalities of summary judgment." *Id.* (citing *Showers v. Eastmond*, No. 00 CIV. 3725, 2001 WL 527484, *1 (S.D.N.Y. May 16, 2001)).

Plaintiff's response to Defendants' SMF failed to specifically contest any of Defendants' material facts. Under the Local Rules, "[t]he Court shall deem admitted any properly supported facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert." N.D.N.Y. L.R. 7.1(a)(3). As Magistrate Judge Peebles noted, Plaintiff had been made aware of the local rule and the consequences of ignoring it. *See* Dkt. No. 79 at 3 (citing Dkt. No. 62-1). As such, the Court finds Plaintiff's sole conclusory objection without merit.

Defendants have raised three specific objections to Magistrate Judge Peebles' Report and Recommendation. *See* Dkt. No. 83. First, they argue that the Report and Recommendation improperly characterized the serious medical need at issue in the case. *See id.* at 2. Defendants argue that the amended complaint only alleged medical indifference for not consulting with

5

Plaintiff's doctor after learning that his medication was causing him serious side effects.  *See id.*
Accordingly, the serious medical need at issue in this case was not a risk of suicide, but the side
effects Plaintiff's medication.  *See id.*  Defendants claim that when Plaintiff ceased taking the
medication, the risk abated.  *See id.*  However, Plaintiff's allegation in the amended complaint that
Defendant Mileski ignored his risk of suicide was sufficient to put Defendants on notice of a
broader medical indifference claim relating to Plaintiff's risk of suicide.  Given the leniency
afforded to *pro se* litigants, Magistrate Judge Peebles was correct to consider Plaintiff's untreated
suicidal tendencies, as opposed to just side effects of the medication in evaluating the actual risk.
*See Govan*, 289 F. Supp. 2d at 295.

Defendants' second objection is premised on the Court accepting their argument that
Plaintiff's risk was solely due to his medication and not his broader risk of suicide.  *See* Dkt. No.
83 at 3-4.  As such, for the reasons discussed above, the second objection is immaterial to
Magistrate Judge Peebles' conclusion.

Finally, Defendants argue that there is no evidence to support Magistrate Judge Peebles'
conclusion that Mileski's inaction resulted in Plaintiff being deprived of treatment for the entirety
of his time in GMCF's special housing unit.  *See* Dkt. No. 83 at 5-6.  Defendants note that it is
uncontested that Defendant Mileski only treated Plaintiff for approximately one month, and that
after that time, Plaintiff was treated by Ms. Townsend.  *See id.*  Accordingly they argue,
Defendant Mileski's three or four sessions did not cause "any harm or pain, or setback in
[Plaintiff's] mental health treatment."  *Id.* at 6.

However, Defendants' argument is based on a faulty premise.  Whether a prisoner actually
suffered harm or pain is not essential to a medical indifference claim.  Instead, "the inmate must
show that he is incarcerated under conditions posing a substantial risk of serious harm."  *Farmer*,
511 U.S. at 834.  "A condition is objectively serious if it 'pose[s] an unreasonable risk of serious

damage to [a prisoner's] future health.'" *Guilbert v. Sennet*, 235 Fed. Appx. 823, 826 (2d Cir. 2007) (quoting *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002)). "In the context of mental health needs, propensities to attempt suicide, harm oneself, and/or exhibit severe depression or anxiety attacks have been viewed as 'sufficiently serious.'" *Young v. Choinski*, 15 F. Supp. 3d 194, 199 (D. Conn. 2014) (citing cases). Thus, regardless of whether Defendant Mileski caused any harm, Plaintiff faced a substantial risk of suicide or self harm which Defendant Mileski ignored.

Having reviewed Magistrate Judge Peebles' February 14, 2018, Report and Recommendation, the record, and the applicable law, and the parties' objections, the Court concludes that Magistrate Judge Peebles correctly recommended that the Court should grant in part and deny in part Defendants' motion for summary judgment.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Peebles' Report and Recommendation (Dkt. No. 79) is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 62) is **GRANTED in part and DENIED in part**;[3] and the Court further

**ORDERS** that Defendants Jeffrey Lindstrand, Sean Corrigan, and Dr. Crook be terminated as parties; and the Court further

---

[3] Defendants' motion for summary judgment is granted as to the claims against Defendants Lindstrand, Corrigan, and Crook. The motion is denied as to Plaintiff's medical indifference claim against Defendant Mileski.

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 26, 2018
      Albany, New York

                          Mae A. D'Agostino
                          U.S. District Judge